## Kinley *v.* Fitzpatrick.

A bill of sale which represents negroes as sound in mind and body is a good warranty (semble.)

Any language by the vendor which amounts to an affirmation that the property is sound, is a good warranty, although the word *warrant* be not used.

Whether the affirmation amounts to a warranty or to an assertion merely, is a proper question for the jury.

In error from the circuit court for the county of Claiborne.

This was an action of covenant brought by David Kinley against Edmund Fitzpatrick at the November term, 1837, of the circuit court for Claiborne county, founded upon a bill of sale under seal, for two negroes sold by the defendant to plaintiff. The declaration alleges that the defendant by his bill of sale, of which profert was made, covenanted with the said plaintiff that the negroes Jim and Sam were sound in body and mind and slaves for life; and that at the time of sale and delivery Sam was not sound, but on the contrary unhealthy and diseased, and that the defendant had not kept his covenant, &c. &c. The defendant by his attorney plead covenants performed generally, according to the form and effect of the bill of sale, and concluded to the country, upon which plaintiff joined issue. In the course of the trial plaintiff's counsel offered to read to the jury the following bill of sale as evidence of the covenant:

"Received of David Kinley the sum of $2,200 in full payment of two negroes, the one named Sam aged about 27 years, the other named Jim or James aged about thirteen, sound in mind and body, and slaves for life. And I do hereby warrant the title of said negroes to David Kinley, his heirs and assigns forever. In witness whereof, &c. &c."

To the reading of the foregoing bill of sale, the defendant's counsel objected, on the ground, that the same did not contain a warranty of soundness in body, which objection the court sustained, and the correctness of that decision was the only subject of consideration in the appellate court.

[Kinley *v.* Fitzpatrick.]

Chaplain for the plaintiff in error.

The court erred in ruling out the bill of sale. See the following authorities: 2 John J. Marshall's Reports, 129. 4 Cowen, 440. 11 Cowen, 25. 11 Wendall, 441.

The court are particularly referred to the case in 2 J. J. Marshall, 129, which seems to be directly in point, case of Ditto *v.* Helm, for breach of following warranty of soundness of negro girl. "The said Helm and Shackleford, do forever warrant and defend the title of said negro from all persons whatever claiming or to claim her, and likewise state, that we have sold her to said Ditto, as a sound and healthy negro."

The court said, "no described form of words are necessary to constitute a warranty. Any words are sufficient which will show that it was the intention of the parties there should be a warranty. The words used in this covenant convey that idea to our minds very clearly.

"It is evident that the sellers agreed that Emily was sound. Their language amounts to more than a simple affirmation. It means that Ditto bought the negro on their guaranty of soundness, they sold her as a sound negro, &c."

I think in the case before the court the bill of sale clearly amounts to a warranty, and that the judgment must be reversed.

Thrasher for defendant in error.

The only question involved in this case, is the proper interpretation of the bill of sale. The bill of sale in the descriptive part speaks of the negroes as sound in body and mind, but does not covenant that they are so; although it contains an express warranty of title. Had the appellee intended to warrant the negroes sound, it is most reasonable to suppose that the warranty would have been so worded as to embrace it.

Where there is no express warranty, but only an affirmation of soundness, at the time of sale, in an action for a false affirmation, the declaration should charge that the vendor knew the article was unsound.

The declaration in the present action contains no such averment, and perhaps could not in the present form; and the appellant having declared in covenant on the warranty of soundness,

[Kinley *v.* Fitzpatrick.]

when there was none, the judgment of the court below ought to be affirmed.    See Wheeler's Law of Slavery, 131; and 2 Bibb's Rep. 616, in point.

Mr. Justice TROTTER delivered the opinion of the court.

It is a well settled rule that in every action on a warranty, it must be shewn, that there was an express and direct affirmation of the quality or condition of the thing sold.    And that a mere expression of opinion as to the soundness of the property by the vendor is not sufficient.    Whether the affirmation of the vendor amounts to a warranty or to an opinion merely is in every case a question for the jury, who are required to decide it in reference to the intention of the vendor, as it is to be inferred from all the facts connected with the contract.    The court below should therefore have permitted the bill of sale to go before the jury, whose province it was to determine whether it contained an express warranty of soundness as alleged by the plaintiff.    This was so ruled in the case of Chapman *v.* Murch, 19 J. R. 290, and also in that of Duffee *v.* Mason, 8 Cowen's Rep. 25.    And also in 2 Cowen, 138.    4 do. 422.    But we are of opinion that the court also erred, in determining that the language of the vendor, in relation to the quality and condition of the slaves mentioned in the bill of sale did not amount to a warranty.    It is true that there must be an express affirmation by the vendor that the property is sound.    But when that is shewn, it would be an anomaly to require that the word *warrant* should be used.    Such was the language of the court in the case of Chapman *v.* Murch, before noticed.    If a man should say on the sale of a horse "I promise you the horse is sound," it is difficult to conceive that this is not a warrant.    No particular phraseology is requisite to constitute a warranty.    Any affirmation by the vendor of the quality of the property, shewing an intention to warrant its soundness, is sufficient.    Comyn on Contr. 116.    We have no doubt that such is a fair interpretation of the words used by Fitzpatrick in the bill of sale.

In the case of Cramer *v.* Bradshaw, 10 J. Rep. 484, the language of the vendor was very similar to that used by the defendant in this case.    It was that he had granted, bargained and sold to the plaintiff, "a negro woman named Sarah, aged about

thirty years, being of sound mind and limb, and free from all disease." There then follows, as in the bill of sale in the case at bar, a formal warranty of title. The court held these not to be words of description, but to constitute an express warranty of soundness. In the case of Gilchrist *v.* Morrow, 2 Carolina Law Reports, 607, the negro sold, was described in the bill of sale as "about 11 years old, sound and healthy," after which there is, as in this case, a formal warranty as to the title. And this was held to be a warranty of soundness. The case of Ditto *v.* Helm, 2 J. J. Marshall, 129, is similar in principle. The bill of sale states that the vendor sold the negro described in it " to Ditto as a sound and healthy negro;" and these words were held to amount to a warranty. In all these cases the words used, were held to be more than a mere affirmation. They were considered as an agreement, a stipulation that the property was sound, and as carrying with them an intention to guarantee the sound condition of the property, as much so as if more formal and technical language had been used. The only case in which similar words have received a contrary interpretation, which we have been enabled to find, is that of Smith *v.* Miller, 2 Bibb's Rep. 616. That case however is not sustained by principle or authority.

Let the judgment be reversed, and a *venire de novo* awarded.